IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| **JECOLIAH FARMER**<br>5586 Pinehurst Drive, Apt. D<br>Hilliard, Ohio 43026<br><br>    Plaintiff,<br><br>v.<br><br>**UNIVAR SOLUTIONS USA, INC.**<br>c/o Corporation Service Company, Agent<br>50 W. Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>    Defendant. | Case No.<br><br>Judge |

## COMPLAINT

Now comes Plaintiff Jecoliah Farmer, by and through undersigned counsel, and for her Complaint against Defendant Univar Solutions USA, Inc., states and avers as follows:

### I. THE PARTIES

1. Plaintiff Jecoliah Farmer (hereafter "Jecoliah" or "Plaintiff") is a resident of the State of Ohio, County of Franklin.

2. Defendant Univar Solutions USA, Inc. ("Defendant Univar") is a foreign corporation licensed to do business in the State of Ohio, has its principal place of business in Downers Grove, Illinois, and is incorporated under the laws of the state of Washington.

3. At all times alleged herein, Plaintiff was an employee of Defendant Univar in the same has been defined by 42 USC Section 2000e-5(f).

### II. JURISDICTION AND VENUE

4. Plaintiff incorporates her allegations set forth in paragraphs 1 through 3 above as if fully written herein.

5. Jurisdiction of this Court is invoked pursuant to 42 USCS § 2000e-2(a) and 28 USC Section 1331. Supplemental Jurisdiction is invoked pursuant to 28 USC §1367.

6. Plaintiff has satisfied all pre-requisites for filing suit, including but not limited to obtaining a Notice of Suit Right from the Equal Employment Opportunity Commission dated June 22, 2021. A copy of the "Notice" is attached hereto as Exhibit "A."

7. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

8. At all relevant times hereto, Plaintiff worked for Defendant Univar in Franklin County, Ohio, which is the county in which Defendant Univar conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

9. At all times pertinent hereto, Defendant Univar was an "Employer" within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 USC § 2000e(d) as well as Title 4112 of the Ohio Revised Code.

**III.  FACTUAL ALLEGATIONS**

10. Plaintiff incorporates her allegations set forth in paragraphs 1 through 9 above as if fully rewritten herein.

11. Plaintiff was hired by Defendant Univar in September 2019 as a Margin Analyst.

12. On February 25, 2020, Plaintiff went on approved maternity leave.

13. Plaintiff returned to work the last week of May 2020 from her approved maternity leave.

14. A few weeks after Plaintiff returned to work, in June 2020 Plaintiff was placed on a Performance Improvement Plan by her manager, Katherine Degraw.

15. During Plaintiff's employment with Defendant Univar, Plaintiff had not been issued any discipline, reprimands, or performance improvement plans prior to June 2020.

16. Prior to going on maternity leave, Plaintiff did not have any pending disciplinary actions.

17. Plaintiff met the goals outlined in her Performance Improvement Plan and specifically met her required numbers every month after returning from maternity leave.

18. Plaintiff received positive feedback from the General Sales Managers she worked with at Defendant Univar about her job performance.

19. While Plaintiff was on the Performance Improvement Plan, Ms. Degraw praised Plaintiff for her improved progress and provided positive feedback to Plaintiff regarding her work performance.

20. On October 16, 2020, Defendant Univar terminated Plaintiff despite her excellent job performance and Ms. Degraw's positive feedback.

21. Defendant Univar acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct.

22. Defendant Univar lacked any legitimate basis to terminate Plaintiff.

23. The reason for Plaintiff's termination was Plaintiff's maternity leave.

## IV.  FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION BASED UPON SEX – PREGNANCY

24. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 23 above as if fully rewritten herein.

25. Defendant Univar discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of her sex, more specifically her status as a

pregnant woman. Defendant Univar terminated Plaintiff due to Plaintiff's pregnancy, in violation of 42 USC § 2000e.

26. By terminating Plaintiff, and otherwise discriminating against her on the basis of her sex, Defendant Univar committed unlawful employment practices within the meaning of 42 USC § 2000e-2(a) in violation of the Title VII of the Civil Rights Act of 1964, as amended.

27. Defendant Univar acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant Univar is liable for punitive damages.

28. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant Univar from which she was unlawfully terminated.

29. Defendant Univar terminated Plaintiff for pretextual reasons because of her sex in violation of 42 USC § 2000-e.

30. As a direct and proximate result of Defendant Univar's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, pain and suffering, liquidated damages, attorney fees, costs interests and such further relief as this Court may deem proper in an amount to be determined at trial.

## V. SECOND CAUSE OF ACTION – TITLE 4112 – DISCRIMINATION BASED UPON SEX

31. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 30 above as if fully rewritten herein.

32. Defendant Univar discriminated against Plaintiff with respect to the terms, conditions and privileges of employment based on her gender.

33. Defendant Univar's actions are a violation of Ohio Revised Code Title 4112 and constitute discrimination on the basis of gender.

34. Defendant Univar acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant Univar is liable for punitive damages.

35. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant Univar from which she was unlawfully terminated.

36. Defendant Univar terminated Plaintiff for pretextual reasons because of her sex in violation of Ohio Revised Code Title 4112.02.

37. As a direct and proximate result of Defendant Univar's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, pain and suffering, liquidated damages, attorney fees, costs interests and such further relief as this Court may deem proper in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Jecoliah Farmer prays for judgment against Defendant Univar Solutions USA, Inc., for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
  Erica Ann Probst  #0073486
  Andrea L. Salvino #0097768
  Attorneys for Plaintiff
  88 West Mound Street
  Columbus, Ohio 43215
  (614) 232-8692
  (614) 469-7170 (fax)
  Email: Erica@ksrlegal.com
    Asalvino@ksrlegal.com

**JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
  Erica Ann Probst  #0073486
  Andrea L. Salvino #0097768
  Attorneys for Plaintiff
  88 West Mound Street
  Columbus, Ohio  43215
  (614) 224-2678
  (614) 469-7170 (fax)
  Email: Erica@ksrlegal.com
    Asalvino@ksrlegal.com

EEOC Form 161-B (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jecoliah Farmer<br>5586 Pinehurst Drive<br>Apt. D<br>Hilliard, OH 43026 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2021-00613 | **Marnita Betts, Investigator** | (216) 306-1128 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)  June 22, 2021

**Dana R. Hutter,**  *(Date Issued)*
**Deputy Director**

Enclosures(s)

cc:  Noelle Perkins
SVP, General Counsel & Secretary
UNIVAR SOLUTIONS USA INC.
3075 HIGHLAND PKWY
STE 200
Downers Grove, IL 60515

Erica Probst, Esq.
KEMP, SCHAEFFER & ROW CO.
88 West Mound Street
Columbus, OH 43215

Exhibit "A"